IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00623-WYD-KLM

WINE MASTERS CELLARS, LLLP, a Colorado limited liability limited partnership,

     Plaintiff,

v.

VINOTEMP INTERNATIONAL CORPORATION, a California corporation,

     Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

     THIS MATTER is before the Court on Defendant Vinotemp International

Corporation's ["Vinotemp"] Motion to Dismiss, or in the Alternative, Transfer the Case

filed May 16, 2011.  Vinotemp argues that the case should be dismissed based on lack

of subject matter jurisdiction because the case fails to meet the amount-in-controversy

requirement of 28 U.S.C. § 1332(a).  In the alternative, Vinotemp requests that this case

be transferred to the United States District Court for the Central District of California

pursuant to the "first-to-file" rule or pursuant to 28 U.S.C. § 1404(a).

     Plaintiff Wine Master Cellars ["WMC"] filed a response in opposition to the motion

on June 6, 2011.  A reply was filed on June 20, 2011.

II.    <u>BACKGROUND</u>

     This is an action for breach of contract.  WMC alleges that Vinotemp has

breached the terms of a Settlement Agreement, attached as Exhibit A to WMC's

response to the motion.  WMC seeks preliminary and permanent injunctive relief enjoining Vinotemp from selling, using or offering to sell the Vinotemp racks outside of cabinets.  WMC also seeks damages for breach of contract and an accounting for gains, profits, and advantages derived by Vinotemp for breach of the Agreement.

The chronology of events leading up to the present action is as follows.  WMC previously sued Vinotemp for patent infringement in this Court, Civil Action No. 09-cv-01543-ABC-PLA.  WMC is the owner of United States Patent No. 6,991,117 (the "'117 Patent"), which covers a shape of a rack used to hold wine bottles.  Vinotemp is in the business of selling products associated with wines.  WMC alleged in the patent action that a wine rack sold by Vinotemp infringed the '117 Patent.

The parties resolved the patent action by entering into a written agreement (the "Settlement Agreement" at issue in this case) after a series of email exchanges.  Vinotemp did not admit infringement of the '117 Patent.  The Settlement Agreement gave Vinotemp an option to license the '117 Patent in exchange for the payment of royalties.  The Settlement Agreement also states, *inter alia*, that "Vinotemp agrees not to sell, use, or offer to sell the Vinotemp Racks outside of Cabinets."  (WMC's Resp., Ex. A, Clause A.)  The parties further agreed that Vinotemp could cancel the Settlement Agreement and give up the license at any time.  WMC dismissed the patent action without prejudice, and reserved the right to sue Vinotemp for patent infringement in the future.

Vinotemp subsequently obtained its own patent for its concept of a wine rack (U.S. Patent No. 7,882.967 - the "967 Patent") and, according to Vinotemp, determined

that it no longer needed a license for the '117 Patent.  Vinotemp asserts that its wine rack is different in structure from the rack covered by the '117 Patent.  Vinotemp states it informed WMC that the license was no longer needed, and that Vinotemp would market its wine racks in the future.

Vinotemp claims that after giving up the license to the '117 Patent, it then faced the possibility that it would be sued by WMC for patent infringement.  Indeed, Vinotemp asserts that WMC threatened Vinotemp with a suit for patent infringement through an email sent from the President of WMC to the president of Vinotemp.  Accordingly, it filed an action for declaratory relief against WMC in the United States District Court for the Central District of California, Civil Action No. 2:11-CV-01543-ABC (PLA) (the "California Action").  The California Action was filed on February 22, 2011, and is still pending.  In that case Vinotemp is seeking a judicial declaration that its wine racks made in accordance with the Vinotemp patent do not infringe claims of the '117 Patent.  When filed, the California Action did not contain a claim regarding the enforceabillity of Clause A of the Settlement Agreement.  WMC claims that the California Action seeks to reopen the '117 Patent infringement claim and add other patent related claims.

After Vinotemp was served in the California action, it requested a 30-day extension of time to respond.  Vinotemp agreed to the extension.  Instead of filing an answer to the California Action, WMC filed the present lawsuit on March 11, 2011.  Thereafter, on April 8, 2011, Vinotemp amended its complaint in the California Action to add a claim for judicial interpretation of the Settlement Agreement.

On May 26, 2011, WMC filed a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue in the California Action.  (Pl.'s Resp., Ex. B.)  It seeks dismissal of three claims, as well as a transfer of the fourth claim relating to the enforceability of the Settlement Agreement to this Court under the first-to-file rule.

Vinotemp asserts that it has temporarily suspended the sale and marketing of its wine rack out of an abundance of caution.  It further asserts, pursuant to the Declaration of India Hynes, that Vinotemp has sold only one wine rack after it gave up the license to the '117 Patent.  The total dollar value of the sale was no more than $100.00.

WMC contends in response that the heart of the dispute between the parties centers on Clause A of the Settlement Agreement, which prohibits Vinotemp's sale of its wine racks outside of cabinets, and not the WMC patents.  In that regard, WMC argues that if Clause A is enforced, the patent issues are moot.  On March 11, 2011, WMC states that it filed the instant Complaint for breach of contract in this Court to address this  issue.  Subsequent thereto, WMC asserts that Vinotemp acknowledged that the dispute between the parties is over the Settlement Agreement by amending the California Action to add a fourth claim seeking a declaration that Clause A of the Settlement Agreement is not enforceable.

Finally, in response to the merits of Vinotemp's motion, WMC argues that this case was the first one filed on the contract claim and should be given precedence over the California Action.  Additionally, it asserts that the amount in controversy requirement of 28 U.S.C. §1332(a) is met.  Finally, it asserts that Colorado is the appropriate forum for this case, and that Vinotemp's motion to dismiss should be denied.

III.   ANALYSIS

    A.   Whether the Court Lacks Subject Matter Jurisdiction Over this Lawsuit Because the Amount in Controversy Requirement of 28 U.S.C. § 1332(a) Is Not Satisfied

Vinotemp asserts that although Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332(a), there are no factual allegations in the Complaint to support the assertion that the amount in controversy exceeds $75,000.  The Complaint alleges that the amount in controversy exceeds $75,000 based upon WMC's belief that Vinotemp has breached the Settlement Agreement.  However, Vinotemp asserts that WMC's damages are measured by its allegedly infringing sales which are less than $100.00 for the one wine rack sold.  Thus, it is argued that the absolute maximum amount of Plaintiff's damages, if any, are within the range of hundreds of dollars – not anything approaching $75,000.  Accordingly, Vinotemp asserts that the case should be dismissed for lack of subject matter jurisdiction.

I find that Vinotemp's Motion to Dismiss should be denied as to this argument. According to the Tenth Circuit, "'[w]hen federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff[] must show that it does not appear to a legal certainty that [it] cannot recover' the jurisdiction amount.'" *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) (quoting *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)).  WMC has the burden of establishing jurisdiction.  *Id.*  WMC "can meet this burden by demonstrating that it is not legally certain that the claim is less than the jurisdictional amount."  *Id.*

As further noted by the *Woodmen* decision:

> The legal certainty standard is very strict. As a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied.  14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 97-98 (1998). There is a strong presumption favoring the amount alleged by the plaintiff. . . . Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction. 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 98-101 (1998).

Id. at 1216-17; *see also Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 785 (2d Cir.1994) ("The legal impossibility of recovery must be so certain as to virtually to negative the plaintiff's good faith in asserting the claim.") (quoted with approval in *Woodmen*, 342 F.3d at 1217).

In the case at hand, WMC asserts that, despite the declaration of Ms. Hynes to the contrary, Vinotemp continues to market and sell its wine rack in violation of Clause A of the Settlement Agreement.  Referencing Exhibit D to its response, WMC states that Vinotemp's wine rack is being offered for sale to customers at Vinotemp's sister site, www.epicureanist.com, as of June 6, 2011, the filing date of this Opposition.  This is also alleged in the Complaint.  (Compl., ¶¶ 4, 16.)  As a result, WMC contests the statements in Ms. Hynes' Declaration that only one Vinotemp rack has been sold for "less than $100" and that "Vinotemp has yet to sell or accept an offer to buy another of its wine racks".  At the very least, WMC asserts that it is entitled to take discovery on this issue.

Second, WMC asserts that in the Tenth Circuit, the cost of an injunction to either party may satisfy the amount-in-controversy element of federal diversity jurisdiction,

citing *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1159-60 (10th Cir. 1979).  WMC is relying on what is now known as the "either viewpoint rule." Under this rule, "whichever party stands to gain or lose a greater amount is the one whose viewpoint is taken into account for jurisdictional purposes." *In re Ford Motor Co.,* 264 F.3d 952, 958 (9th Cir.2001).  In other words, "when injunctive relief is sought the interests of either party may be looked to in determining the amount in controversy." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

Under the rule, the court "considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.*  When a plaintiff is seeking injunctive relief, "the 'amount in controversy' may be gauged by the value of the right to be enforced or protected by the injunction, and is not limited to the damages claimed by the plaintiff." *Taylor v. Sandoval*, 442 F. Supp. 491, 495 (D. Colo. 1977). "The value of the rights at stake need not be shown with absolute certainty." *Id.*

To support its argument under this rule, WMC presents a declaration of Charles Malek, an officer of WMC, stating that it will cost WMC in excess of $75,000.00 if the injunction sought by WMC is not obtained in this case.  WMC asserts that the affidavit and estimate of the amount in controversy was made in good faith based on the pecuniary effect of Clause A of the Settlement Agreement if it is not enforced.

Based on the foregoing, I cannot find that it appears to a legal certainty that WMC's claim is less than $75,000.  It appears that WMC at this time is asserting in good faith that the jurisdictional amount in controversy is met, both through damages for

sales of the competing wine rack by Vinotemp and because of the value of the right at stake.  WMC has presented evidence that supports its arguments.  Accordingly, I find that the motion to dismiss should be denied as to this argument.  I also find that WMC should be entitled to discovery on the jurisdictional facts to the extent it is necessary.

        B.      <u>Whether the Case Should Be Transferred Under the First-To File Rule</u>

In the alternative, Vinotemp argues that the first-to-file rule gives priority to the California action.  It further asserts that there is no reason for two substantially identical cases to proceed simultaneously in two different District Courts.

Turning to my analysis, when there are two suits involving essentially the same issues and litigants in two substantially identical causes of action, as here, the Tenth Circuit may apply the "first-to-file" rule that gives priority or deference to the first-filed case.  *See Lipari v. U.S. Bancorp NA*, 345 Fed. Appx. 315, 317 (July 16, 2009) (unpublished).  Under that rule, "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

The Tenth Circuit has found that the first-to-file rule is appropriate because the simultaneous prosecution in two different courts of cases relating to similar parties and issues wastes time, energy, and money.  *Cessna Aircraft*, 348 F.2d at 692.  Where this rule is applicable, the rule that a plaintiff's choice of deference is afforded deference "loses its significance entirety: each case has a different plaintiff, and one of them will

necessarily be disturbed." *Research Automation, Inc. v. Schrader-Bridgeport*, 626 F.3d 973, 979 (7th Cir. 2010).

In this case, I decline to apply the rule at this time.  The Tenth Circuit has indicated that "the first-to-file rule is not entitled to 'mechanical application.'" *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).  It also has indicated "that the court which first obtains jurisdiction should be allowed to first decide issues of venue." *Id.*  WMC has filed a motion to transfer the fourth claim involving the Settlement Agreement to this Court on the basis of the same argument at issue here- that this is the first filed case.  (Pl.'s Resp., Ex. B.)  For reasons of comity and judicial economy, I will defer to the United States District Court for the Central District of California to decide whether to follow this rule or whether it is the proper venue for the fourth claim in that case involving the Settlement Agreement.  As noted by the Second Circuit, "two federal courts should not be adjudicating the same issues." *New York Marine and Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 113 n. 2 (2d Cir. 2010).

IV.     <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendant Vinotemp International Corporation's Motion to Dismiss, or in the Alternative, Transfer the Case is **DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.  It is **DENIED** as to the portion of the motion that seeks to dismiss the case because the amount in controversy requirement is not met.  It is **DENIED WITHOUT PREJUDICE** as to the portion of the motion that seeks to transfer the case to the United States District Court for the Central District of California.  It is

FURTHER ORDERED that the parties shall notify the Court in the California Action of this Order and its contents.  The parties shall also notify this Court as soon as a ruling has issued on the motion to dismiss in the California Action, and shall provide this Court with a copy of that ruling.

Dated:  July 1, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge